UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARPAD KELEMEN,

                Plaintiff,

      -against-

EMESE OLAH,

                Defendant.

22-CV-0566 (JGLC)

**ORDER APPOINTING NEUTRAL**

JESSICA G. L. CLARKE, United States District Judge:

      On January 21, 2022, Plaintiff Arpad Kelemen brought this suit to compel arbitration against Defendant Emese Olah, Plaintiff's former legal counsel, pursuant to the parties' Legal Services Retainer Agreement ("Agreement"). The parties do not dispute that arbitration is required to resolve their underlying dispute; instead, they cannot agree on who will serve as the arbitrator, and the Agreement is silent on this issue. On October 11, 2023, the parties filed a letter with the Court indicating that they still could not agree on a neutral, but they requested that the Court appoint an arbitrator with the following qualifications: (1) Five to ten years of arbitration experience; (2) Experience arbitrating contract disputes, attorney fees disputes, legal malpractice, and international disputes and (3) a maximum hourly rate of $500.00. The parties also agreed that the arbitration procedures would be "decided by the parties and the arbitrator." ECF No. 25. The Court thereafter ordered the parties to submit by October 26, 2023, a joint letter that:

> includes a submission of the names of between four to six proposed arbitrators and a statement regarding their respective qualifications to arbitrate this matter. The parties shall attach to the letter all relevant materials referenced therein, including proposed candidates' resumes, questionnaires, websites, biographies and the like. Each proposed arbitrator should meet the parties' agreed-upon qualifications, and the parties should not indicate which party suggested each candidate.

ECF No. 26.

      On the deadline, Plaintiff filed a letter with the requested information, including the

identity of four arbitrators proposed by the parties. That same day, and in violation of the Court's Individual Rules and the deadline set in the Court's prior Order, counsel for Defendant filed a letter requesting an extension to file the joint letter, claiming that there were two additional arbitrators Defendant wished to propose but that he was still confirming their qualifications. Because it was unclear whether both parties agreed to the submission, the Court directed the parties to submit "the final version of the joint letter" by November 9, including "four proposed arbitrators, not indicating which party suggested each candidate." ECF No. 32.

On November 9, Plaintiff again filed a letter in compliance with the Court's Order identifying four proposed arbitrators. The next day, and after the Court's deadline, Defendant claims that Plaintiff did not have permission to file the letter because there was an additional candidate Defendant sought to propose. *See* ECF Nos. 34 and 35. Plaintiff refused to permit the addition of this candidate because: (1) the candidate did not meet the qualifications the parties agreed to; and (2) because doing so would violate the Court's prior order. For those reasons, the Court will not consider this additional candidate, but will consider the four proposed by the parties in Plaintiff's submission. ECF No. 33.

The Court has closely reviewed the credentials of all four proposed candidates. The first two candidates—Christina Hioureas and Judge Juan Ramirez, Jr.—meet the three qualifications set by the parties. They both have the requisite years of experience; they both have asserted, either on their website or through communications with counsel, the requisite experience in the areas selected by the parties; and they both are willing to arbitrate the dispute for $500 per hour. Although both are excellent candidates, the Court will appoint Ms. Hioureas based on her experience in New York, which Judge Ramirez, a retired judge in Florida, does not appear to possess. Her resume details her qualifications, including her experience adjudicating complex contract and international disputes. See ECF No. 33-1. She satisfies the requirements of the

agreement and would ably serve as a neutral here.

The Clerk of Court is directed to CLOSE this case without prejudice to either party reopening it within thirty days if Ms. Hioureas does not or cannot accept appointment as the arbitrator. Any application to reopen must be filed **within thirty days of this Order**; any application to reopen filed thereafter may be denied solely on that basis.

Dated: November 14, 2023
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

3